UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ROOST PROJECT, LLC, a California limited liability company,<br><br>　　　Plaintiff/Counterdefendant,<br><br>　　vs.<br><br>ANDERSEN CONSTRUCTION COMPANY, an Oregon corporation,<br><br>　　　Defendant/Counterclaimant. | Case No. 1:18-cv-00238-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are the parties' cross motions for reconsideration. The motions are fully briefed and ripe for consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motions will be decided on the record.

# BACKGROUND

This case involves a dispute regarding the respective rights, obligations, and liabilities of the parties arising out of and relating to construction of The Fowler building in downtown Boise, Idaho. The Roost Project, LLC (Roost) and Andersen Construction Company (ACCO) entered into a contract (the Construction Agreement) to build The

Fowler on December 11, 2015. The project was delayed for a host of different reasons, resulting in The Fowler being substantially completed on February 21, 2018, eight months after the contract completion date. As a result, Roost brought this action against ACCO raising contract and tort claims. ACCO denies the claims and has filed counterclaims against Roost.

The parties filed cross motions for summary judgment and Roost filed a motion to amend its complaint to add a claim for punitive damages. (Dkt. 34, 35, 39.) The Court heard argument on the motions and, on February 4, 2020, issued a memorandum decision and order denying both motions for summary judgment. (Dkt. 68.) The Court also denied the motion to add punitive damages, but stated that Roost may seek leave to submit a claim for punitive damages to the jury if the evidence admitted at the time of trial is sufficient. (Dkt. 68.)  Trial is scheduled to begin November 2, 2020. (Dkt. 69.)

Presently before the Court are the parties' cross motions for reconsideration regarding the Court's ruling on punitive damages. (Dkt. 70, 72.) For the reasons that follow, the Court will deny both motions.

## STANDARD OF LAW

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order pursuant to Federal Rule of Civil Procedure 59: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (applying reconsideration to a Rule 59 motion to alter or amend

a judgment); *see also School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (denying a Rule 59 motion to reconsider a summary judgment ruling). Upon demonstration of one of these three grounds, the movant must next come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

Under Federal Rule of Civil Procedure 60(b), the Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate extraordinary circumstances which prevented or rendered [the party] unable to prosecute [its] case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice" *Id.* (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

Motions for reconsideration should be granted only in rare circumstances and are not for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

ACCO's motion for reconsideration contends the Court committed error by holding out an opportunity for Roost to add a punitive damages claim at trial, arguing amendments to add a claim for punitive damages under Idaho Code § 6-1604 must be made prior to trial. (Dkt. 70.) Roost disagrees, arguing it may properly seek to add a punitive damages claim at the time of trial. (Dkt. 71.) Indeed, Roost asserts Federal Rule of Civil Procedure 15, not Idaho Code § 6-1604, applies to motions to amend to add punitive damages in federal diversity cases. (Dkt. 71.) To that end, Roost has filed its own motion for reconsideration, arguing it satisfied the requirements of Rule 15 and the Court erred by denying Roost's motion to add a punitive damages claim. (Dkt. 72.) If Idaho Code § 6-1604 applies, however, Roost contends it also satisfied that standard and should be allowed to pursue a punitive damages claim.

The Court will address first the question of which law governs the motion to amend to add punitive damages and then will address the parties arguments concerning the Court's prior ruling on the motion.

1.  **Idaho Law Governs Motions to Amend to Add a Claim for Punitive Damages**

Courts in this district have long held that claims for punitive damages are substantive and Idaho law is therefore controlling in diversity cases. *See Windsor v. Guarantee Trust Life Ins. Co.*, 684 F. Supp. 630, 633 (D. Idaho 1988); *Strong v. Unumprovident Corp.*, 393 F. Supp. 2d 1012, 1025 (D. Idaho 2005). While courts in other districts have concluded differently, this question has been consistently decided to the contrary of Roost's contention in the District of Idaho. *Hardenbrook v. United Parcel*

*Service, Co.*, Case No. 1:07-CV-509-EJL-CWD, 2009 WL 3530735, at *5 (D. Idaho 2009).

This is true even in cases decided after *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 401 (2010), the case Roost cites in its motion for reconsideration. *See Erlebach v. RAJ Enterprises of Cent. Florida, LLC*, Case No. 1:18-CV-173-BLW, 2019 WL 96302, at * 7 (D. Idaho Jan. 3, 2019); *Edmark Auto, Inc. v. Zurich American Insur. Co.*, Case No. 1:15-cv-00520-EJL-CWD, 2018 WL 734654, at *12 (D. Idaho Feb. 6, 2018). Notably, recent decisions from this District have concluded that, because Idaho Code § 6-1604 is substantive in nature, it, and not Rule 15, governs motions seeking to add a claim for punitive damages. *Hathaway v. Idaho Pacific Corp.*, Case No. 4:15-CV-00086-DCN, 2019 WL 4891044, at *2 (D. Idaho Oct. 3, 2019); *see also Estate of Kane v. Epley's Inc.*, Case No. 3:15-CV-00105-EJL-REB, 2017 WL 1158242, at *3 (D. Idaho March 28, 2017) (same); *Hardenbrook*, 2009 WL 3530735, at *6 (same). Accordingly, the Court holds that Idaho Code § 6-1604 is substantive and, therefore, the applicable standard for determining the motion to amend to add punitive damages in this case.

**2.    The Motion to Amend to Add Punitive Damages was Correctly Decided**

Roost argues the Court applied the incorrect standard under Idaho Code § 6-1604 in determining whether to allow a claim for punitive damages. Specifically, Roost contends the Court improperly relied on *Hardenbrook v. United Parcel Service* to require a showing of non-conflicting evidence to support an amendment for or award of punitive damages. (Dkt. 71.) The Court disagrees.

**MEMORANDUM DECISION AND ORDER - 5**

The Court set forth the correct standard of law as follows:

> The "standards governing claims for punitive damages are set forth in Idaho Code Section 6-1604 which provides that, after an appropriate pretrial motion and a hearing, the court must allow a party to amend the pleadings "if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." Idaho Code § 6-1604(2). It is well established in Idaho that punitive damages are not favored and should be awarded only in the most unusual and compelling circumstances, and are to be awarded cautiously and within narrow limits. *Manning v. Twin Falls Clinic & Hosp., Inc.*, 830 P.2d 1185, 1190 (Idaho 1992) (citing *Jones v. Panhandle Distributors*, Inc., 792 P.2d 315 (Idaho 1990)). The decision whether to submit the punitive damages question to a jury rests within the sound discretion of the trial court. *Id.*
>
> At the trial stage, an award of punitive damages is permissible where the party proves, "by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." Idaho Code § 6-1604(1). At the motion stage, a plaintiff must show a "reasonable likelihood" that defendants "performed a bad act with a bad state of mind." *Hall v. Farmers All. Mut. Ins. Co.*, 179 P.3d 276, 282 (Idaho 2008). "The determination of whether a party should be permitted to assert a claim for punitive damages is not based upon the type of case or claim [but instead]…revolves around whether the plaintiff is able to establish the requisite intersection of two factors: a bad act and a bad state of mind." *Todd v. Sullivan Const. LLC.*, 191 P.3d 196, 201 (Idaho 2008) (citing *Myers v. Workmen's Auto. Ins. Co.*, 95 P.3d 977, 985 (Idaho 2004)).
>
> As to the first factor, punitive damages are an appropriate remedy only if the plaintiff establishes that "the defendant 'acted in a manner that was an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences.'" *Seiniger Law Office, P.A. v. North Pacific Ins. Co.*, 178 P.3d 606, 615 (Idaho 2008) (quoting *Myers v. Workman's Auto Ins. Co.*, 95 P.3d 977, 985 (Idaho 2004)). As to the second factor, the mental state required to support an award of punitive damages is "'an extremely harmful state of mind, whether that be termed malice, oppression, fraud or gross negligence; malice, oppression, wantonness; or simply deliberate or willful.'" *Id.*

(Dkt. 68 at 31-32.) Neither party disputes that this is the appropriate standard for a motion to amend to add a claim for punitive damages in Idaho.

The Court applied this standard to the motion to amend by weighing the facts and evidence that Roost argued established a viable punitive damages claim and concluded: "[h]aving carefully reviewed the record, the Court finds Roost has not shown a reasonable likelihood that ACCO performed bad acts with a bad state of mind." (Dkt. 68 at 33.) And that: "[t]he facts alleged by Roost that comprise ACCO's bad acts and bad state of mind do not rise to an extreme deviation from reasonable standards of conduct in the construction business or the requisite extremely harmful state of mind needed to pursue a claim for punitive damages." (Dkt. 68 at 34.)

Notwithstanding the reference to the *Hardenbrook* case and acknowledgment that conflicting evidence exists in this case, the denial of the motion to amend was grounded by the Court's conclusion that, after having reviewed and weighed the evidence, Roost had not shown a reasonable likelihood that it could prove ACCO performed a bad act with a bad state of mind.[1] That is to say, Roost failed to establish a reasonable likelihood that it could prove ACCO engaged in conduct that was an extreme deviation from reasonable standards of conduct which was done with knowledge of the likely

---

[1] The Order's reference to the *Hardenbrook* case states: "[w]hen the moving party's claims are reasonably disputed and there is substantial evidence that supports the non-moving party's claims, a motion to amend to assert punitive damages will not be allowed." (Dkt. 68 at 33-34) (citations omitted). The Court also recognized the many disputed facts in this case, stating: "Roost has not established a reasonable likelihood of proving that ACCO's actions or state of mind rise to the level required to allow a claim for punitive damages given the conflicting evidence and the many factual disputes in this case." (Dkt. 68 at 34.)

**MEMORANDUM DECISION AND ORDER - 7**

consequences and an extremely harmful state of mind. The facts alleged by Roost do not support a claim for punitive damages. For that reason, the Court denied the pretrial motion to amend to add a claim for punitive damages. Roost's motion for reconsideration, therefore, will be denied.

3.  **Roost May Renew its Motion to Add Punitive Damages at Trial**

ACCO's motion seeks reconsideration of the last sentence of the Court's order on summary judgment which states: "if the evidence at trial is sufficient for a jury to find, by clear and convincing evidence, that ACCO committed bad acts and with the requisite bad state of mind, Roost may, at that time, seek leave to submit the issue to the jury." (Dkt. 68 at 34.) ACCO argues the Court erred in permitting Roost an opportunity to request submission of punitive damages to the jury because Idaho Code § 6-1604 requires that determination to be made prior to trial only. (Dkt. 70.) The Court disagrees.

Several pretrial decisions in this District have recognized that a plaintiff may move to submit a claim for punitive damages to the jury during trial following presentation of evidence. *See Layton v. Eagle Rock Timber, Inc.*, Case No. 4:17-CV-00259-DCN, 2019 WL 1560876, at * 8 (D. Idaho April 9, 2019) ("Under Idaho Code section 6-1604(2) a claim for punitive damages cannot be included in a complaint, but can only be added via motion—either during the course of litigation or at trial."); *Cusack v. Bendpak, Inc.*, Case No. 4:17-CV-00003-DCN, 2018 WL 1768030, at *7 (D. Idaho Apr. 12, 2018) (denying without prejudice a pretrial motion to amend to add punitive damages but allowing plaintiff leave to renew the motion to amend following evidence submitted at trial if appropriate); *Murray v. City of Bonners Ferry*, Case No. 2:15-CV-00081-REB, 2017 WL

**MEMORANDUM DECISION AND ORDER - 8**

4318738, at *18 (D. Idaho Sept. 28, 2017) (denying plaintiff's pretrial motion to add a claim for punitive damages without prejudice and allowing plaintiff to request amendment following evidence submitted at trial if appropriate). In these cases, the courts concluded the plaintiffs had failed to show a reasonable likelihood of proving facts sufficient to support a claim for punitive damages prior to trial, but found the plaintiffs could, if appropriate, request to amend to add such a claim following the admission of evidence at trial. The Court finds this approach is appropriate in this case. Whether such a request is granted, however, is subject to the Court's discretion and not decided here. *Manning*, 830 P.2d at 1190 (Whether to submit punitive damages to the jury rests within the sound discretion of the trial court.). Consequently, Roost will not be allowed to reference punitive damages during voir dire or in its opening statement.

      The Court has reviewed the *Adams v. United States* decision relied upon by ACCO where the court stated that Idaho Code § 6-1604 does not provide a "'during trial' mechanism" to renew the request to add a claim for punitive damages. (Dkt. 70) (citing *Adams v. United States*, Case No. 4:03-CV-0049-BLW, 2009 WL 1833600 (D. Idaho June 25, 2009) (denying plaintiffs' motion to amend to allege punitive damages during trial). The *Adams* decision is distinct from this case and unique to its own set of facts and circumstances. There, plaintiffs made a motion during trial to amend the pleadings to conform to the evidence and add a claim for punitive damages. The *Adams* court denied the motion, concluding the defendants had no notice of and had not consented to punitive damages being presented or pursued at the time of trial.

**MEMORANDUM DECISION AND ORDER - 9**

Here, the Court cannot say at this time that a renewed motion by Roost to submit a claim for punitive damages at trial is completely foreclosed. How the evidence will come in at the trial in this case remains to be seen. For these reasons, ACCO's motion for reconsideration will be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Defendant's Motion for Reconsideration (Dkt. 70) is **DENIED**.

2) Plaintiff's Motion for Reconsideration (Dkt. 72) is **DENIED**.

3) A pre-trial conference is set for **October 13, 2020**, and trial is scheduled to begin on **November 2, 2020**. (Dkt. 69.)

DATED: July 10, 2020

Honorable Candy W. Dale
United States Magistrate Judge